IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRUCE N. SAFFRAN, Ph.D., M.D., <br> *Plaintiff,* <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, <br> *Defendant.* | § <br> § <br> § <br> § CIVIL ACTION NO. 2-08-CV-64 (TJW) <br> § <br> § <br> § <br> § |

# COMPLAINT

Bruce N. Saffran, Ph.D., M.D. ("Dr. Saffran"), Plaintiff in the above-captioned and numbered civil action, makes this complaint against Defendant, Boston Scientific Corporation ("BSC"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for damages in the form of future and continuing royalties and willful infringement, post-judgment from a patent infringement trial in which the asserted patent was found infringed by BSC and Plaintiff was awarded a reasonable royalty of Four Hundred Thirty One Million, Eight Hundred Sixty Seven Thousand, Three Hundred Fifty One Dollars ($431,867,351) in actual damages, Sixty Nine Million, Three Hundred Ninety Three Thousand, Six Hundred Sixty Dollars ($69,393,660) in pre-judgment interest, and as-yet-undetermined Plaintiff's costs. The judgment bears interest at the commercial paper rate.

## JURISDICTION AND VENUE

2. This action arises under the United States patent laws, 35 U.S.C. §§ 271 and 281-285.

3. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PARTIES

5. Plaintiff Dr. Saffran is a medical doctor and Ph.D., currently residing at 136 Bertrand Drive, Princeton, New Jersey 08540.

6. Defendant BSC is a corporation organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including in this judicial district, and has corporate headquarters at One Boston Scientific Place, Natick, Massachusetts 01760-1537, and is engaged in the business of manufacturing, assembling, and selling drug eluting stents, including, but not limited to, the TAXUS® Express2™ Coronary Stent System and/or TAXUS® Liberté™ Coronary Stent System, each paclitaxel-eluting stents (collectively and alternatively the "Taxus products"). BSC can be served through its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## CLAIMS FOR RELIEF

7. On August 5, 1997, United States Patent Number 5,653,760 ("the '760 patent"), entitled "Method and Apparatus or Managing Macromolecular Distribution," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '760 patent is attached hereto as Exhibit A.

8. Dr. Saffran is the lawful owner of all right, title, and interest in and to the '760 patent.

9. Based on a complaint filed by Dr. Saffran in this Court on December 16, 2005, a patent infringement trail (case number 2-05-CV-547 (TJW)) was held by this Court, concluding on February 11, 2008, with a jury verdict. A copy of the jury's Verdict Form is attached hereto as Exhibit B.

10. The jury in the above referenced patent infringement trial concluded that the '760 patent was directly infringed by BSC and that BSC had committed contributory infringement of the '760 patent in violation of 35 U.S.C. § 271(a) and (c). Exhibit B at 1-3.

11. The jury also concluded that none of the claims of the '760 patent had been proven to be invalid. Exhibit B at 4-5.

12. Because of BSC's infringement of the '760 patent, Dr. Saffran was awarded by the jury a reasonable royalty of Four Hundred Thirty One Million, Eight Hundred Sixty Seven Thousand, Three Hundred Fifty One Dollars ($431,867,351) in actual damages.

13. The actual damages awarded Dr. Saffran by the jury were based on a royalty rate of Eight Percent (8.0%) of BSC's sales of the Taxus products sold in the United States and Six Percent (6.0%) of BSC's sales of the Taxus products made in the United States and sold abroad, each from 2004 through the end of the third quarter of 2007.

14. The jury verdict was entered as Final Judgment on February 14, 2008. A copy of the Final Judgment is attached hereto as Exhibit C.

15. As a part of the Final Judgment, the Court further awarded Dr. Saffran Sixty Nine Million, Three Hundred Ninety Three Thousand, Six Hundred Sixty Dollars ($69,393,660) in

pre-judgment interest and as-yet-undefined Plaintiff's costs. The judgment bears interest at the commercial paper rate.

16. The Court ordered (in related case number 2-05-CV-547 (TJW)) Dr. Saffran to file a complaint in a new action for future royalties for BSC's ongoing and future infringement of the '760 patent not specifically addressed in the jury verdict in the prior patent infringement lawsuit wherein BSC was found to infringe the '760 patent. This Order (dated February 14, 2008) is attached as Exhibit D.

17. This Complaint is filed pursuant to the Court's Order Exhibit D.

18. The Court has required BSC to file quarterly reports with the Court beginning on April 1, 2008, identifying the number of Taxus product units sold. Exhibit D.

19. Since February 15, 2008, after entry of the Final Judgment, BSC has continued and, on information and belief, will continue to make, use, sell, offer for sale, and/or import into the United States the Taxus products.

20. BSC had actual notice of the jury verdict on February 11, 2008, and of the Final Judgment on February 14, 2008. Exhibits B and C. BSC's ongoing sales of the Taxus products are with full knowledge of the jury verdict and Final Judgment.

21. BSC's ongoing sales of the Taxus products infringe the '760 patent. BSC is bound by the jury verdict and Final Judgment from further litigating any issues relating to infringement or validity of the '760 patent.

22.     BSC's ongoing infringement of the '760 patent is a calculated and deliberate decision by BSC.

23.     Any manufacture, use, sale, offer for sale, and/or importation into the United States of Taxus products by BSC after February 14, 2008, constitutes willful direct and/or contributory infringement of the '760 patent by BSC.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. Saffran prays for judgment as follows:

A.     Adjudging that BSC's manufacture, use, sale, offer for sale, and/or importations of the Taxus products are continued and ongoing direct infringement and/or contributory infringement of the '760 patent under 35 U.S.C. § 271;

B.     Adjudging that each instance of BSC's infringement, direct and/or contributory, of the '760 patent as of February 15, 2008, and going forward, is willful;

C.     Ordering Defendant to make quarterly reports, beginning on April 1, 2008, accounting for the number of units of Taxus products sold and the gross sales revenue for Taxus products in the United States and/or made in the United States and sold abroad during the respective quarter, commencing the first quarter of 2008, and going forward for the term of the '760 patent;

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 21st day of February, 2008.

_/s/ Eric M. Albritton_
Eric M. Albritton

D. Awarding Dr. Saffran damages adequate to compensate him for BSC's ongoing and continuing infringement of the '760 patent from February 15, 2008, through the term of the '760 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. § 284;

E. Adjudging that the instances of BSC's willful infringement, direct and/or contributory, from February 15, 2008, and going forward over the term of the '760 patent render this case exceptional under 35 U.S.C. § 285 and that Dr. Saffran is entitled to an award of attorneys' fees in the prosecution of this action; and

F. For such other costs and further relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ Eric M. Albritton*

| | |
|---|---|
| Danny L. Williams<br>State Bar No. 21518050<br>WILLIAMS, MORGAN & AMERSON, P.C.<br>10333 Richmond Avenue, #1100<br>Houston, Texas 77042<br>Telephone: (713) 934-7000<br>Facsimile: (713) 934-7011<br>Email: danny@wmalaw.com | Eric M. Albritton<br>State Bar No. 00790215<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, Texas 75606<br>Telephone: (903) 757-8449<br>Facsimile: (903) 758-7397<br>Email: ema@emafirm.com |
| Paul R. Taskier<br>Gary M. Hoffman<br>James W. Brady, Jr.<br>Jeremy A. Cubert<br>Dickstein Shapiro LLP<br>1825 Eye Street, NW<br>Washington, DC 20006-5403<br>Telephone: (202) 420-2200<br>Facsimile: (202) 420-2201<br>Email: hoffmang@dicksteinshapiro.com | **ATTORNEYS FOR PLAINTIFF** |