**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRUCE N. SAFFRAN, Ph.D, M.D., | § § | |
| *Plaintiff*, | § § | Civil Action No. 2:08-CV-64 (TJW) |
| v. | § § | |
| BOSTON SCIENTIFIC CORPORATION, | § § | |
| *Defendant*. | § § § | |

## BOSTON SCIENTIFIC CORPORATION'S ANSWER

Defendant Boston Scientific Corporation ("BSC") with knowledge as to its own acts, and on information and belief as to the acts of others, by its undersigned attorneys, hereby replies to the like-numbered paragraphs of the February 21, 2008 Complaint of Bruce N. Saffran Ph.D, M.D. ("Saffran") as follows:

### NATURE OF THE ACTION

1. BSC admits that Saffran alleges that the present action is a patent infringement action for damages in the form of future and continuing royalties and willful infringement, post-judgment and that the Complaint seeks the relief specified in paragraph 1. BSC also admits that a patent infringement trial involving Saffran and BSC occurred in February 2008 and that the jury awarded Saffran $431,867,351 at the conclusion of this trial. BSC admits that the Court awarded Saffran an additional $69,393,660 in a February 14, 2008 final judgment, and that the Court's judgment indicated that this amount constituted prejudgment interest. BSC admits that the Court's February 14, 2008 final judgment awarded Saffran costs in an unspecified amount, but denies that Saffran is entitled to costs. BSC denies that the Court's final judgment indicated

that the judgment bears interest "at the commercial paper rate," but admits that it noted that the judgment bears interest "at the lawful federal rate." BSC denies that Saffran possesses any cognizable claim for additional relief beyond that already awarded. Moreover, BSC has post-trial motions pending in connection with case number 2:05-CV-547 (TJW), and intends to file an appeal.

**JURISDICTION AND VENUE**

2.     BSC admits that this purports to be an action arising under 35 U.S.C § 271 and 281-285, but denies that Saffran possesses any cognizable claim for additional relief beyond that already awarded.

3.     BSC admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

4.     BSC admits that venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b).

**PARTIES**

5.     BSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

6.     BSC admits that it is a corporation organized and existing under the laws of the State of Delaware, conducts business throughout the United States, has its corporate headquarters at One Boston Scientific Place, Natick, Massachusetts 01760-1537, is engaged in the business of manufacturing, assembling, and selling the TAXUS® Express$^2$™ and TAXUS® Liberté™ paclitaxel-eluting stents ("the Taxus stents"), and has a registered agent, Corporation Service Company, located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## CLAIMS FOR RELIEF

7. BSC admits that U.S. Patent No. 5,653,760 ("the '760 patent"), on its face, is entitled "Method and Apparatus for Managing Macromolecular Distribution," indicates an issue date of August 5, 1997, and was attached to Saffran's February 21, 2008 Complaint as Exhibit A.

8. BSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

9. BSC admits that Saffran filed a complaint with this Court on December 16, 2005, which was assigned case number 2:05-CV-547 (TJW). BSC admits that this complaint led to a patent infringement jury trial in February 2008, which concluded with a jury verdict, signed February 11, 2008. BSC admits that a copy of the jury's February 11th verdict was attached to Saffran's February 21, 2008 complaint as Exhibit B.

10. BSC admits that Exhibit B to Saffran's February 21, 2008 complaint indicates that the jury answered "YES" to all parts of Question 1, which related to direct infringement of certain claims of the '760 patent by BSC, and "YES" to all parts of Question 2, which related to contributory infringement of certain claims of the '760 patent by BSC.

11. BSC admits that Exhibit B to Saffran's February 21, 2008 complaint indicates that the jury answered "NO" to all parts of Question 3, which related to whether certain claims of the '760 patent were invalid because the patent failed to satisfy the enablement requirement as to those claims, and "NO" to all parts of Question 4, which related to whether certain claims of the '760 patent were invalid because the patent failed to satisfy the written description requirement as to those claims.

12.     BSC admits that a jury awarded Saffran $431,867,351 in damages following a February 2008 jury trial.  BSC also admits that the jury's verdict form, dated February 11, 2008, indicated that this amount constituted a "reasonable royalty."

13.     BSC admits that Saffran's damages expert, Alan Ratliff, provided testimony at trial relating to an 8.0% royalty for sales of the Taxus stent within the United States and a 6.0% royalty for sales of Taxus stents manufactured within the United States but sold outside the United States.  While BSC denies that the February 11, 2008 jury verdict form explicitly indicates the royalty rate applied by the jury or the time period covered by the award, BSC admits that the jury's damages award was the same as the amount testified to by Mr. Ratliff and that the jury appears to have arrived at this amount by applying the 8.0% and 6.0% royalty rates Mr. Ratliff testified to to the royalty base referenced by Mr. Ratliff.

14.     BSC admits that a copy of the final judgment entered by the Court on February 14, 2008 was attached to Saffran's February 21, 2008 complaint as Exhibit C.

15.     BSC admits that the Court awarded Saffran an additional $69,393,660 in its February 14, 2008 final judgment, and that the Court's judgment indicated that this amount constituted prejudgment interest.  BSC admits that the Court's February 14, 2008 final judgment awarded Saffran costs in an unspecified amount, but denies that Saffran is entitled to costs.  BSC denies that the Court's final judgment states that the judgment "bears interest at the commercial paper rate," but admits that it states that the judgment bears interest "at the lawful federal rate."

16.     BSC admits that a copy of  a February 14, 2008 order issued by the Court in connection with case number 2:05-CV-547 (TJW) was attached to Saffran's February 21, 2008 Complaint as Exhibit D.  BSC admits that the Court stated in this February 14th order that it elected to *sua sponte* sever what it referred to as Saffran's "continuing causes of action for future

royalties" and directed Saffran to "file an appropriate complaint." BSC denies, however, that Saffran is entitled to any additional relief beyond that already awarded and denies that Saffran originally pled or is currently entitled to pursue such a cause of action.

17.   BSC is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies them.

18.   BSC admits that the Court, as part of a February 14, 2008 order entered in connection with case number 2:05-CV-547 (TJW), ordered BSC to file quarterly reports, beginning April 1, 2008, identifying the number of units of Taxus® Express$^2$™ and Taxus® Liberté™ paclitaxel-eluting stents sold.

19.   Since February 15, 2008, BSC admits that it has made, used, imported, offered for sale, and sold, and will continue to make, use, import, offer for sale, and sell, the Taxus® Express$^2$™ paclitaxel-eluting stent in the United States. BSC also admits that since February 15, 2008, it has made the Taxus® Liberté™ paclitaxel-eluting stent, and will continue to make the Taxus® Liberté™ paclitaxel-eluting stent, in the United States. BSC denies that it has used, sold, offered for sale, or imported the Taxus® Liberte™ paclitaxel-eluting stent in the United States since February 15, 2008.

20.   Admitted.

21.   Because it has post-trial motions pending in connection with case number 2:05-CV-547 (TJW), and because it intends to file an appeal, if necessary, BSC denies that it infringes any valid claim of the '760 patent. Pending resolution of its post-trial motions and appeal, BSC denies the remaining allegations of this paragraph. Further, if it is found that claim preclusion does not bar Saffran's claims for future royalties asserted in this action, then BSC denies that it is precluded from pursuing those invalidity defenses that were not actually litigated in connection

with case number 2:05-CV-547 (TJW). BSC also denies that Saffran is entitled to any additional relief beyond that already awarded.

22. Because it has post-trial motions pending in connection with case number 2:05-CV-547 (TJW), and because it intends to file an appeal, if necessary, BSC denies that it infringes any valid claim of the '760 patent. BSC denies that Saffran is entitled to any additional relief beyond that already awarded. BSC also denies that Saffran is entitled to seek any enhancement of damages arising from alleged willfulness on the part of BSC.

23. Because it has post-trial motions pending in connection with case number 2:05-CV-547 (TJW), and because it intends to file an appeal, if necessary, BSC denies that it infringes any valid claim of the '760 patent. BSC denies that Saffran is entitled to any additional relief beyond that already awarded. BSC also denies that Saffran is entitled to seek any enhancement of damages arising from alleged willfulness on the part of BSC.

## RESPONSE TO PRAYER FOR RELIEF

BSC denies that Saffran is entitled to the relief requested in any of paragraphs A-C, or any other relief.

## BOSTON SCIENTIFIC CORPORATION'S AFFIRMATIVE DEFENSES

1. Because it has post-trial motions pending in connection with case number 2:05-CV-547 (TJW), and because it intends to file an appeal, if necessary, BSC incorporates the affirmative defenses articulated in its February 8, 2006 answer to Saffran's originally filed complaint in that case:

    A. BSC has not made, used, sold and/or offered to sell in this country, and/or imported into this country, products in violation of 35 U.S.C. § 271, and has not thereby

infringed and is not infringing any claim of the '760 patent, either directly, contributorily, and/or by inducement.

   B. The claims of the '760 patent are invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

 2. The doctrines of *res judica* (claim preclusion) bars Saffran from seeking any additional relief from BSC beyond that already awarded in connection with case number 2:05-CV-547 (TJW).

 3. The doctrines of *res judica* (claim preclusion) bars Saffran from seeking any enhancement of damages resulting from BSC's alleged willfulness.

 4. In the event that BSC's motion for judgment as a matter of law in connection with case number 2:05-CV-547 (TJW) is granted, or if the result of the district court proceeding is reversed on appeal, the doctrine of issue preclusion bars all of Saffran's claims.

 5. Saffran's claims are barred because they could not be severed and transferred to this action because Saffran did not assert them in case number 2:05-CV-547 (TJW).

## PRAYER FOR RELIEF

WHEREFORE, BSC prays for entry of judgment:

 A. Denying all relief sought by Saffran in his February 14, 2008 complaint;

 B. Dismissing the complaint with prejudice;

 C. Awarding BSC the cost of this suit; and

 D. Declaring this suit to be exceptional, and awarding BSC its attorneys' fees and such other and further relief as the Court deems just and appropriate.

                     Respectfully submitted,

                     BOSTON SCIENTIFIC CORPORATION

March 12, 2008                    /s/_____

Melissa Smith
State Bar No. TX 24001351
GILLAM & SMITH, LLP
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-8257
E-mail: melissa@gillamsmithlaw.com

Melvin R. Wilcox, III
State Bar No. TX 21454800
YARBROUGH & WILCOX PLLC
100 E. Ferguson St.
Tyler, Texas 75702
Telephone: (903) 595-1133
Facsimile: (903) 595-0191
E-mail: mrw@yw-lawfirm.com

Richard L. DeLucia
Elizabeth Gardner
John W. Bateman
Jerry Canada
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288
E-mail: rdelucia@kenyon.com
E-mail: egardner@kenyon.com
E-mail: jbateman@kenyon.com
E-mail: jcanada@kenyon.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 13th day of March, 2008.

                                                   /s/
                                           Melissa R. Smith